**Jan Bean LYONS, Appellant,**

**v.**

**Neal MONTGOMERY, Ben O'Neal, Rio Grande Abstract and Title Company, Inc., d/b/a Amistad Title and Abstract Company and USLife Title Insurance Company of Dallas, Appellees.**

No. 04–83–00455–CV.

Court of Appeals of Texas, San Antonio.

Jan. 9, 1985.

Rehearing Denied Jan. 30, 1985.

Nick Duncan, Del Rio, for appellant.

Stephen P. Allison, San Antonio, for appellees.

Before ESQUIVEL and REEVES, JJ., and FRED V. KLINGEMAN, Assigned Justice.

## OPINION

FRED V. KLINGEMAN, Assigned Justice.*

This is a suit for damages involving alleged breach of contract, misrepresentations, failure to disclose, and deceptive trade acts with numerous parties involved, in which some of the parties on the appeal appear as both appellant and appellees.

Jan Bean Lyons filed suit for damages on September 22, 1981 in a District Court of Val Verde County, Texas against Neal Montgomery, Ben O'Neal, Rio Grande Abstract and Title Company, Inc. d/b/a Amistad Title and Abstract Company and USLife Title Insurance Company of Dallas. On March 14, 1983 an interlocutory summary judgment was signed by a district judge of Val Verde County ordering that Lyons take nothing against defendant USLife Title Insurance Company of Dallas. On March 16, 1983 trial on the merits began.

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, effective June 16, 1983).

Following the presentation of evidence by the parties, the case was submitted to a jury on a number of Special Issues. The jury findings will be hereinafter discussed. Three days following the discharge of the jury, Lyons was allowed, without notice to the defendants, to submit a trial amendment which included new allegations against Rio Grande. At a subsequent hearing, the trial court overruled Rio Grande's objections and exceptions to the submitted trial amendment.

Judgment was rendered in favor of Lyons against Rio Grande in the amount of $30,907.61, but rendered against Lyons in favor of defendants Neal Montgomery and Ben O'Neal.

For brevity and clarity, Rio Grande Abstract and Title Co., Inc., d/b/a Amistad Title and Abstract Company will be generally referred to in this opinion as "Rio Grande"; Jan Bean Lyons as "Lyons"; Neal Montgomery and Ben O'Neal as "Montgomery"; and USLife Title Insurance Company of Dallas as "USTitle".

Rio Grande has appealed from this judgment and Lyons has appealed from the take nothing judgment rendered against her in favor of Montgomery and O'Neal and further appeals from the summary judgment in favor of USLife.

We will first discuss Rio Grande's appeal, because the basic background of the case and the material issues involved in the appeal are most thoroughly covered in such appeal.

## RIO GRANDE'S APPEAL

Rio Grande asserts eleven points of error. We deem it necessary to discuss only points of error Nos. 5, 8, and 10.

Point of error No. 5 complains that the trial court erred in failing to enter a take nothing judgment against Lyons based upon the verdict.

Point of error No. 8 complains that the trial court erred in denying Rio Grande's motion for judgment *non obstante veredicto* because the evidence conclusively established as a matter of law that the owner's title policy of insurance provided to Lyons by Rio Grande specifically excepts the deed of trust which contains a due on sale clause and consequently the jury's verdict is unsupported by the evidence.

Point of error No. 10 asserts that the trial court erred in denying Rio Grande's motion for judgment in that the pleadings, evidence, and jury's findings conclusively established Rio Grande's entitlement to judgment.

For the reasons hereinafter set forth we sustain these points of error.

We are of the opinion that the jury's answers to Special Issues No. 1 and No. 15 are the material and controlling issues.

In Special Issue No. 1, the jury was asked whether Neal Montgomery failed to disclose to Lyons during the course of negotiations leading up to and including the entering into the contract of sale on the property involved that the existing deed of trust on the property contained a "due on sale" clause granting Rio Grande the option to mature the entire balance on the note secured thereby upon a sale of the subject property.

The jury in response to such inquiry answered: "He did not fail to so disclose."

Special Issue No. 15 inquired if certain information had been disclosed by Rio Grande to Lyons, whether Lyons would have entered into the contract of sale. The jury in response to this Special Issue found: "She would have entered into such contract of sale".

■ There is ample evidence to support the jury's answer to these Special Issues. It is clear from the evidence that not only did Lyons know of the existence of the deed of trust, but also knew that it contained a "due on sale" clause, and was cognizant of the meaning and consequences of such a provision in the deed of trust.

Such evidence includes: (a) certain acts and statements made by Lyons; (b) testimony by a real estate agent involved in the sale, Alice Santos, that Lyons knew of the

"due on sale" provision in the deed of trust and was aware of the effect of the "due on sale" clause; (c) testimony by the manager of Rio Grande that at the proceedings involving the closing of the sale, Lyons indicated that she knew the effect and meaning of the "due on sale" provision and indicated she could and would pay off the remaining balance due, or renegotiate the terms of the payment with the debt holder; (d) testimony by Neal Montgomery that it was his understanding that Lyons would pay or renegotiate the balance remaining on the note, if necessary.

█ We have concluded that the jury's answer to Special Issues No. 1 and No. 15 are controlling and dispositive, and that the trial court should have granted Rio Grande's motion for judgment. The trial court erred in failing to grant a judgment *non obstante veredicto* that Lyons take nothing by her suit.

It is clear that Lyons was aware of the potential ramifications of the purchase of the property with the existing deed of trust held by Rio Grande containing a "due on sale" clause. She was well aware that Rio Grande had the legal right to mature the amount due on the indebtedness against the property and institute foreclosure proceedings, and that under the foreclosure proceedings she could lose the property. Lyons cannot complain of the alleged failure of Rio Grande to disclose to her what she already knew.

### DECEPTIVE TRADE PRACTICE

█ Lyons' deceptive trade practice action is basically premised on her contention that the title company should have explained the meaning of a "due on sale" clause in more detail in the title policy. We find no merit in this contention for a number of reasons. We have already set forth in some detail that Lyons not only knew of the existence of the deed of trust at the time that she entered into the contract of sale, but she also knew that such deed of trust contained a "due on sale" clause and knew the meaning of such a "due on sale" provision. The title policy contained a number of "exceptions" in such policy. One of the exceptions refers to the deed of trust here involved by giving the title of such instrument and the recordation data (volume and page of the applicable mortgage or other record of the county in which the land is situated). This is legally sufficient to put a prospective purchaser or person who is interested in the property of the full contents of the deed of trust involved. It is not the purpose of a title policy to set forth in full detail a detailed explanation of the full terms and provisions of each instrument affecting the property, but give only sufficient information to put them on notice of the existence of such instruments. If every title exception in a title policy set forth the full details of every instrument involved, it would more resemble an abstract of title than a title policy. Under Lyon's theory, if the property was subject to an oil gas and mineral lease, it would be necessary to set forth in minute detail the many things that are involved in this type of lease, such as the length of the primary term, the amount of delay rentals, the amount of royalty payable, etc.

*See Jernigan v. Page*, 662 S.W.2d 760 (Tex.App.—Corpus Christi 1983, no writ) where it was pointed out that the purpose of the recording statutes in Texas was to provide notice to all persons of the existence of recorded material and the effect of same, so that a person interested in the property could look at the full instrument by examining the record.

We have already pointed out the fact that Lyons was aware of the deed of trust containing a "due on sale" provision. In addition Lyons was also given notice of the deed of trust by the title policy, which identified the instrument and gave the recording data thereof.

The judgment of the trial court in favor of Lyons against Rio Grande is reversed, and judgment here rendered that Lyons take nothing against Rio Grande.

### LYON'S APPEAL

Lyons appeals that part of the judgment granting: (1) a summary judgment to US-

Life Title that Lyons take nothing by her suit against USLife Title; (2) a judgment that Lyons take nothing by her suit against Neal Montgomery and Ben O'Neal.

Lyons asserts eleven points of error which may be summarized as follows: the trial court erred (1) in not granting Lyons' motion for judgment *non obstante veredicto* as to defendant Neal Montgomery and Ben O'Neal because the evidence as a matter of law showed that these defendants had a legal duty to pay the accelerated indebtedness due to Rio Grande, and the failure to do so was a breach of contract as a matter of law; (2) in granting summary judgment in behalf of USTitle because there was some summary judgment evidence to support a cause of action against USTitle as plead in Lyons' pleading; (3) the trial court erred in failing to submit to the jury nine Special Issues requested by Lyons.

## THE LYONS–NEAL MONTGOMERY APPEAL

■ The trial court entered judgment that Lyons take nothing against Neal Montgomery and Ben O'Neal. We affirm these judgments for the same reason that we reversed and rendered the judgment in favor of Lyons against Rio Grande. Since we have set forth in full detail the general background applicable to this appeal in the Rio Grande appeal, including the material jury findings, we do not deem it necessary to reiterate such discussion. The record conclusively establishes that the judgment rendered by the court that Lyons take nothing against Neal Montgomery and Ben O'Neal is correct and it is, therefore, affirmed.

## THE LYONS–USTITLE APPEAL

■ USTitle timely filed a motion for summary judgment. The summary judgment evidence is basically similar to the evidence previously discussed under the Rio Grande appeal. The summary judgment evidence specifically points out that the owner's title policy issued to Lyons specifically excepts from coverage the deed of trust containing the "due on sale" clause. USTitle summary judgment evidence also shows the following: (1) Lyons' admission of Item No. 1 of the request for admission of genuineness of document propounded to Lyons establishing the genuineness of the title policy exception which excepted the deed of trust containing the "due on sale" provision; (2) the oral deposition of the real estate agent involved in the sale that Lyons was aware of the "due on sale" clause in the deed of trust; (3) the contract of sale which was prepared by Lyons' agent provided that such sale was specifically subject to the terms and provision of the "due on sale" clause.

Lyons did not file a controverting affidavit or other reply to USTitle's motion for summary judgment. Rule 166–A(c) provides among other things that "issues not presented to the trial court by written motion, answer or other reply shall not be considered upon appeal as grounds for reversal."

■ A non-moving party must expressly present to the trial court those issues that would defeat the moving party's right to a summary judgment; failing to do so, such a party may not later assign this as error on appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979); *Miller v. Soliz,* 648 S.W.2d 734 (Tex.App.—Corpus Christi 1983, no writ). A party moving for summary judgment does not have to negate all possible issues of law and fact that could have been raised by a non-moving party, but were not raised. *City of Houston v. Clear Creek Basin Authority, supra.*

The contract of sale is specifically subject to the terms and conditions of the deed of trust which contained the "due on sale" clause.

■ A summary judgment should be rendered if the pleadings, depositions, answers to interrogatories, admissions and

affidavits on file at the trial of the hearing on the motion for summary judgment shows that no genuine issue of material fact exists on the issues expressly set forth in the motion.

USTitle's summary judgment evidence established that no material issue of fact existed as to Lyons' cause of action against USTitle.

Lyons asserts eleven points of error in her appeal. We have previously overruled her point of error No. 1 pertaining to Neal Montgomery and Ben O'Neal in this opinion in that portion of the opinion designated as the Lyons-Montgomery Appeal. We do not deem it necessary to further discuss Lyons' point of error No. 1.

We have also heretofore in this opinion overruled and discussed in some detail Lyons' point of error No. 2 complaining that the trial court erred in granting USTitle a summary judgment that Lyons take nothing against it. Consequently, we do not further discuss Lyons' point of error at this time.

Lyons' nine other points of error complain that the trial court erred in refusing to submit to the jury certain Special Issues requested by Lyons. We have examined and considered all of such requested Special Issues and do not consider them as controlling issues. The trial court did not err in failing to submit these Special Issues requested by Lyons. TEX.R.CIV.P. 277, 279; *See Stone v. Metro Restaurant Supply, Inc.*, 629 S.W.2d 254 (Tex.App.— Fort Worth 1982, writ ref'd n.r.e.).

All of Lyons' points of error have been considered and all are overruled.

The judgment that Lyons take nothing against Neal Montgomery and Ben O'Neal is affirmed. The summary judgment in favor of USTitle is affirmed. The judgment that Lyons recover damages from Rio Grande is reversed and judgment here rendered that Lyons take nothing against Rio Grande.

