**Jan Bean LYONS, Petitioner,**

v.

**Neal MONTGOMERY et al,**
**Respondents.**

**No. C–3980.**

Supreme Court of Texas.

Nov. 13, 1985.

Rehearing Denied Jan. 22, 1986.

**OLIN CORPORATION et al.,**
**Petitioners,**

v.

**The RAILROAD COMMISSION OF**
**TEXAS, Respondent.**

**No. C–4222.**

Supreme Court of Texas.

Nov. 13, 1985.

Nick Duncan, Del Rio, for petitioners.

Stephen P. Allison, San Antonio, for respondents.

## OPINION

HILL, Chief Justice.

Jan Lyons sued Neal Montgomery, Ben O'Neal, Rio Grande, and U.S. Life Title Insurance Company for breach of contract, failure to disclose, and deceptive trade practices in a real estate transaction. After granting U.S. Title a summary judgment, the trial court rendered a judgment on the verdict for Lyons against Rio Grande for $30,907.61, but rendered a take-nothing judgment for Montgomery and O'Neal. The court of appeals affirmed the summary judgment as to U.S. Title and the take-nothing judgment as to Montgomery and O'Neal, but reversed the trial court's judgment as to Rio Grande. 685 S.W.2d 390 (Tex.App. 4 Dist.1985). We reverse the judgment of the court of appeals in part and render judgment for Lyons on her breach of contract action against Montgomery and O'Neal. The judgment of the court of appeals is otherwise affirmed.

In October 1980, Lyons contracted with Neal Montgomery and Ben O'Neal to buy a townhouse. The townhouse was subject to a deed of trust securing a note previously executed by Montgomery to Amistad Savings Association. This deed of trust contained a due-on-sale clause. In the contract for sale, Lyons agreed to pay Montgomery and O'Neal an initial downpayment of $19,-907.61 and $281.52 monthly. Montgomery agreed to make the monthly payments on his separate note to Amistad Savings.

The warranty deed executed by Montgomery and O'Neal to Lyons was to be held in escrow by Rio Grande as agent. U.S. Title issued an owner's title policy to Lyons. In February 1981, the warranty deed to Lyons was recorded by Rio Grande before Montgomery's note with Amistad Savings had been completely paid. Discovering for the first time that a sale of the townhouse had taken place, Amistad Savings subsequently exercised its undisputed right under the due-on-sale clause and demanded immediate payment of the outstanding indebtedness on Montgomery's note. Both Montgomery and Lyons refused to pay Amistad Savings the acceler-

ated amount, and Amistad Savings sold the property pursuant to their deed of trust with Montgomery.

Jan Lyons subsequently brought this action against Montgomery, O'Neal, Rio Grande, and U.S. Title seeking damages for breach of contract, failure to disclose, and deceptive trade practices. The trial court granted summary judgment as to U.S. Title. In the breach of contract action, the trial court refused to instruct a verdict for Lyons on her contention that Montgomery and O'Neal had a contractual duty to pay the accelerated indebtedness as a matter of law, opting instead to submit the case to the jury upon the theories of failure to disclose and deceptive trade practices. Based on those two theories, the trial court rendered judgment for Lyons against Rio Grande, but rendered a take-nothing judgment for Montgomery and O'Neal. This appeal ensued. We granted Lyon's writ of error primarily to consider the correctness of the court of appeals' holding as to Lyons' breach of contract action against Montgomery and O'Neal.

■ Section 9(f) of the contract for sale sets forth Lyons' responsibility for Montgomery's note and deed of trust to Amistad Savings as follows:

Buyer [Lyons] shall perform and observe all of the obligations, covenants, conditions and stipulations on the part of the Borrower [Montgomery] to be performed in the said Deed of Trust, *excepting the covenant for the payment of the note secured thereby.* (emphasis added).

Based on this contractual language, Lyons has contended throughout these proceedings that Montgomery and O'Neal owed her a contractual duty to pay the accelerated indebtedness and that this duty was breached causing her damages. We agree.

■ Section 9(f) renders Lyons responsible for performing all of the obligations and covenants of Montgomery's deed of trust with Amistad Savings except "payment of the note secured thereby." In view of this unambiguous language, we find unpersuasive Montgomery's testimony that it was his understanding that Lyons

was assuming responsibility to pay off Montgomery's note if Amistad accelerated it. The terms of the contract for sale are clearly to the contrary. *R & P Enterprises v. La Guarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517 (Tex.1980); *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515 (Tex.1968). We further conclude that the extraneous testimony by a nonparty introduced by Montgomery and O'Neal to prove the intent of the parties is irrelevant. Language used by parties in a contract should be accorded its plain, grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated. *Fox v. Thoreson,* 398 S.W.2d 88, 92 (Tex.1966); *General American Indemnity Co. v. Pepper,* 161 Tex. 263, 265, 339 S.W.2d 660, 661 (Tex. 1960). The ordinary purpose of an exception is to take something out of the contract which would otherwise have been included in it. *Maryland Casualty Co. v. Texas Fireproof Storage Co.,* 69 S.W.2d 826, 827 (Tex.Civ.App.—Waco 1934, writ ref'd). When the meaning of an exception is reasonably certain, it must be given effect unless wholly repugnant to the provision intended to be limited by it. *Id., Palatine Insurance Co. v. Coyle,* 196 S.W. 560, 563 (Tex.Civ.App.—Galveston 1917), *aff'd,* 222 S.W. 973 (Tex.Comm'n App.1920, judgmt adopted).

Absent the exception, Lyons would have been liable for payment of the note in addition to the other covenants of the deed of trust. However, because section 9(f) clearly excepts Lyons from responsibility for payment of the note, we hold that the duty for payment, even if accelerated, remained with Montgomery and O'Neal. Because Montgomery and O'Neal had a contractual duty to pay the accelerated indebtedness, we also hold that their failure to pay the holder of the note, Amistad Savings, was a breach of contract and the proximate cause of Lyons' damages.

■ With respect to damages, the jury found that $19,907.61 would fairly and reasonably compensate Lyons for her damages. This amount corresponds with the

amount of the downpayments Lyons lost because of Montgomery and O'Neal's breach of their duty to pay the note as set forth in the contract for sale and is a proper measure of Lyons' damages resulting from such breach. The jury also found that $4,000.00 was the amount of reasonable attorney's fees expended by Lyon's attorney up to the time of judgment, and that an additional $4,000.00 would be expended if this case was appealed to this court. Because Lyons' claim was founded on a written contract, she is entitled to recover these amounts as reasonable attorney's fees. TEX.REV.CIV.STAT.ANN. art. 2226. Accordingly, we reverse, in part, the judgment of the court of appeals and render judgment in favor of Lyons on her breach of contract action against Montgomery and O'Neal for $19,907.61 plus attorney's fees of $8,000.00. The remaining parts of the judgment of the court of appeals are affirmed.