**LEANDER CUT STONE CO., INC., Appellant,**

v.

**BRAZOS MASONRY, INC., Appellee.**

No. 10–98–250–CV.

Court of Appeals of Texas, Waco.

March 31, 1999.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

BILL VANCE, Justice.

Brazos Masonry, Inc. ("Brazos") accepted a subcontract from Austin Rio Construction Company ("Austin Rio") to install stone on the F.W. Olin Building on Southwestern University's campus. Brazos then entered into a purchase-order agreement with Leander Cut Stone Company ("Leander") under which Leander would supply the stone for the project. Brazos canceled the contract with Austin Rio,[1] then canceled its agreement with Leander. When Brazos contested Leander's claim for damages as a result of Brazos' breach, Leander filed a demand for arbitration. Brazos filed suit seeking a declaratory judgment that the dispute is not subject to binding arbitration. Leander filed a motion to stay the litigation and to compel arbitration. The court denied the motion, and Leander appeals. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (Vernon Supp.1999) (permitting appeal of order denying an application to compel arbitration). The arbitration clause in dispute is governed by the Texas General Arbitration Act. TEX. CIV. PRAC. & REM.CODE ANN. ch. 171 (Vernon 1997 & Supp.1999).

1. The reasons for terminating the Austin Rio contract are unclear but immaterial to our dis-

### THE ARBITRATION STATUTE

Chapter 171 of the Civil Practice and Remedies Code sets the statutory framework for arbitration of disputes. Section 171.001 relates to the agreement to arbitrate:

(a) A written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy that:

(1) exists at the time of the agreement; or

(2) arises between the parties after the date of the agreement.

(b) A party may revoke the agreement only on a ground that exists at law or in equity for the revocation of a contract.

*Id.* § 171.001 (Vernon Supp.1999). Section 171.021 relates to the court's duty to order arbitration and disputes about the agreement to arbitrate:

(a) A court shall order the parties to arbitrate on application of a party showing:

(1) an agreement to arbitrate; and

(2) the opposing party's refusal to arbitrate.

(b) If a party opposing an application made under Subsection (a) denies the existence of the agreement, the court shall summarily determine that issue. The court shall order the arbitration if it finds for the party that made the application. If the court does not find for that party, the court shall deny the application.

(c) An order compelling arbitration must include a stay of any proceeding subject to Section 171.025.

*Id.* § 171.021 (Vernon Supp.1999). Section 171.026 speaks to the nature of the underlying dispute:

A court may not refuse to order arbitration because:

(1) the claim lacks merit or bona fides; or

(2) the fault or ground for the claim is not shown.

*Id.* § 171.026 (Vernon Supp.1999).

### STANDARD OF REVIEW

When a court denies a motion to compel arbitration, what is the appropriate standard of review?

cussion.

■ Our public policy strongly favors the submission of differences to arbitration. *Merrill Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 878 (Tex.App.—Waco 1992, writ denied). Nevertheless, arbitration is a creature of statute which carries with it certain peculiarities. When a court is called upon to determine whether a claim is subject to arbitration, the dispute can be bifurcated into two distinct issues: 1) does a valid arbitration agreement exist; and 2) if so, do the claims asserted fall within the scope of the agreement? *Id.* (citing prior statute); *Nationwide of Fort Worth, Inc. v. Wigington*, 945 S.W.2d 883, 884 (Tex.App.—Waco 1997, writ dism'd, w.o.j.); TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.021(b), 171.026.

■ Looking at the first issue, assuming that the party seeking to compel arbitration has pointed to an agreement to arbitrate, the initial question is whether the agreement is enforceable. TEX. CIV. PRAC. & REM.CODE ANN. § 171.021. If the opposing party "disputes" the agreement, *i.e.* raises a ground that "exists at law or in equity for the revocation of a contract," the court must "summarily" decide that issue on the basis of affidavits, pleadings, discovery, and stipulations. *Id.* §§ *171.001, 171.021; Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex.1992). However, if the material facts necessary to determine the issue are controverted, either by an opposing affidavit or otherwise admissible evidence, then the trial court must conduct an evidentiary hearing to determine the disputed material facts. *Carlin v. 3V Inc.*, 928 S.W.2d 291, 293 (Tex.App.—Houston [14th Dist.] 1996, no writ).

In addressing the second issue, the question may be asked in one of two ways: Does the agreement cover the claims asserted? Or, do the claims fall within the scope of the agreement? The first might be asked if the opposing party questions the interpretation of the agreement. The second, if the question concerns the interpretation of pleadings to determine if the claims asserted are covered by the agreement.

■ Disputes regarding interpretation of arbitration agreements are analyzed under standard contract construction principles. *BDO Seidman v. Miller*, 949 S.W.2d 858, 860 (Tex.App.—Austin 1997, writ dism'd, w.o.j.). The agreement must be construed in its context and the intent of the parties should be ascertained by according the contractual language its plain grammatical meaning. *See Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.1985); *Kline v. O'Quinn*, 874 S.W.2d 776, 782 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

■ Whether an unambiguous agreement imposes a duty to arbitrate a particular dispute is a matter of contract interpretation and a question of law for the court. *American Employers' Ins. Co. v. Aiken*, 942 S.W.2d 156, 159 (Tex.App.—Fort Worth 1997, no writ)[2] (citing *Kline*, 874 S.W.2d at 782). Whether we are examining the scope of the agreement or the nature of the claims, the question is one of interpretation and the review is *de novo.* Any doubts regarding the scope of an arbitration agreement should be resolved in favor of arbitration. *Id.* (citing *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996) (orig.proceeding)). When evaluating the nature of the claims, the focus should be on the factual allegations involved in the dispute and not the legal causes of action raised. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899–900 (Tex.1995) (orig.proceeding).

## THE UNDERLYING DISPUTE

■ The existence of a valid arbitration agreement, the first issue, is undisputed. Thus, we are asked to review only the second

---

**2.** Later in its opinion, the Fort Worth court appears to apply an abuse-of-discretion standard to the interlocutory appeal. Other opinions apply a "no evidence" standard. *See, e.g., Certain Underwriters at Lloyd's of London v. Celebrity, Inc.*, 950 S.W.2d 375, 377 (Tex.App.—Tyler 1996, writ dism'd, w.o.j.). It is difficult to see how a "no evidence" review applies to a ruling on which evidence is usually not adduced. Further complicating matters is the fact that the denial of a motion to compel arbitration under the Federal Arbitration Act may be complained of through a mandamus proceeding—which by its nature must be resolved by asking whether the court abused its discretion in making its ruling. *See, e.g., Metropolitan Property and Liab. Ins. Co. v. Bridewell*, 933 S.W.2d 358 (Tex.App.—Waco 1996) (orig.proceeding).

issue, *i.e.*, the court's determination that Leander's claims fall outside the scope of the agreement. Brazos questions both the scope of the agreement and the nature of Leander's claims. Leander urges that the only question before us is the court's legal interpretation of the arbitration clause.

The Purchase Order contains two provisions which contemplate legal disputes. Paragraph 17, the one at issue here, provides:

FOR ANY TYPE OF LEGAL DISPUTE THAT BRAZOS MASONRY, INC. MIGHT BE ENGAGED IN DUE TO THE QUALITY OR PERFORMANCE OF LEANDER CUT STONE, IT IS UNDERSTOOD THESE DISPUTES SHALL BE SETTLED BY ARBITRATION CONDUCTED IN AUSTIN, TEXAS IN ACCORDANCE WITH THE COMMERCIAL RULES OF THE AMERICAN ARBITRATION ASSOCIATION THEN IN EFFECT. THIS ONLY STANDS TRUE IF THE DISAGREEMENT IS BETWEEN BRAZOS MASONRY, INC. AND LEANDER CUT STONE.

Paragraph 19 provides:

IF ANY LITIGATION ARISES INVOLVING THE GENERAL CONTRACTOR (AUSTIN RIO CONSTRUCTION), OR THE OWNER, DUE TO THE QUALITY OR PERFORMANCE OF LEANDER CUT STONE CO., THESE DISPUTES WILL BE SETTLED IN A COURT OF LAW AND THE AGREEMENT IN ITEM NUMBER 18 (ABOVE) SHALL BECOME NULL AND VOID.

The record shows that Leander's complaints of damages are based in part on performance under the contract. Leander asserts expenses incurred from the preparation of shop drawings and the fabrication of stone for the F.W. Olin Building, resulting in a loss of $34,000. This does not include any damages claimed for lost profits.

The plain grammatical meaning of the arbitration clause requires arbitration of *any type of legal dispute* due to the quality *or performance* of Leander. *See Lyons,* 701 S.W.2d at 643. The underlying dispute involves damages allegedly sustained by Lean-

der's partial performance under the contract. *Prudential Securities,* 909 S.W.2d at 899–900. In light of the policy favoring arbitration, we resolve any doubt in favor of arbitration. *Eddings,* 838 S.W.2d at 880. We find that Leander's claims fall within the scope of the arbitration clause.

## CONCLUSION

Having concluded that the underlying dispute falls within the scope of the arbitration clause, we hold that the court erred in denying the motion to stay litigation and compel arbitration. Leander's point of error is sustained, and the trial court's order denying arbitration is reversed and the cause remanded with instructions that Leander's motion to compel arbitration be granted as provided in Section 171.021 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 171.021.

Justice GRAY concurring.

THOMAS W. GRAY, Justice, concurring.

The only issue the parties have raised in this case is whether their dispute is within the scope of their arbitration agreement. Thus, this court should not engage in a discussion of how the trial court should analyze whether an arbitration agreement is valid or enforceable. Because I believe the discussion is wrong and likely to confuse the placement of the burden of proof at trial, I also express my disagreement with this discussion by the majority. However, since the majority's discussion is dicta and does not result in an improper result in this case, I *concur in the result.* Although it is tempting to respond to the discussion of the majority, I will wait until the issue is properly before us to discuss the trial court procedure to resolve a dispute regarding the validity of an arbitration agreement, the related placement of the burden of proof and our standard of review.