In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-033 CV


____________________



IN RE CONSECO FINANCE SERVICING CORP., f/k/a


GREEN TREE FINANCIAL SERVICING CORPORATION






Original Proceeding






OPINION



 In this mandamus proceeding, Relator Conseco Finance Servicing Corp., f/k/a
Green Tree Financial Servicing Corporation ("Conseco"), seeks relief from an order
denying arbitration.

Background

 On August 5, 1997, the real parties in interest, Robert E. Ard and Sheila D. Ard
("Ard"), purchased a manufactured home from Continental Mobile Home Sales in Silsbee,
Texas. The purchase was financed by Conseco pursuant to a retail installment contract. 
The retail installment contract contained an arbitration clause that provided, in part, as
follows:

 ARBITRATION: All disputes, claims, or controversies arising from or
relating to this Contract or the parties thereto shall be resolved by binding
arbitration by one arbitrator selected by you with my consent. This
agreement is made pursuant to a transaction in interstate commerce and shall
be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. . . . 
THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY
RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO
ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A
COURT ACTION BY YOU (AS PROVIDED HEREIN) . . . . 

 

The mobile home burned and the insurance company assessed it as a total loss. Ard
forwarded the insurance check to Conseco. Conseco began collection efforts for additional
amounts allegedly owed by Ard. Alleging improper collection practices, Ard then sued
Conseco for, among other things, violations of the Texas Debt Collection Act and the
Texas Deceptive Trade Practices Act ("DTPA"). Conseco moved to compel arbitration
of Ard's claims, but the trial court refused to order arbitration. 

Arbitration 


 A party seeking to compel arbitration must establish that an arbitration agreement
exists, and that the claims raised fall within the scope of that agreement. See Cantella &
Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996). Once the party establishes that
a claim is within the arbitration agreement, the trial court must compel arbitration and stay
its own proceedings. See In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.
1999). A party who is erroneously denied the right to arbitrate under the Federal
Arbitration Act has no adequate remedy at law and is entitled to mandamus relief. 
Cantella & Co., 924 S.W.2d at 945.

 Whether a contract imposes a duty to arbitrate a particular dispute is a matter of
contract interpretation, and thus a question of law for the court. See Kline v. O'Quinn,
874 S.W.2d 776, 782 (Tex. App.--Houston [14th Dist.] 1994, writ denied). Our review
is de novo. See Leander Cut Stone Co., Inc. v. Brazos Masonry Inc., 987 S.W.2d 638,
640 (Tex. App.--Waco 1999, no pet.). The law imposes a presumption in favor of
arbitration; this presumption is particularly applicable where the arbitration clause is
broadly worded, purporting to cover all claims, disputes, and other matters relating to the
contract. See Kline, 874 S.W.2d at 782. Where there is a broad arbitration clause,
arbitration should not be denied unless it can be said with positive assurance that the clause
cannot be interpreted to cover the dispute. Id. 

The Novation Issue

 Conseco attached a copy of the installment contract, including the arbitration clause,
to its Motion to Compel Arbitration. Ard claims that the insurance check which he sent
to Conseco paid the contract in full and thereby terminated the arbitration agreement. 
Accepting this argument, the trial court found that a novation occurred upon Conseco's
acceptance of the insurance check and that the novation served to extinguish the original
installment agreement containing the arbitration clause. 

 Ard asserts that the trial court's finding of novation is unchallenged and is therefore
binding on this court. This assertion is incorrect. Conseco's petition challenges the
finding on multiple grounds. Conseco asserts that Ard failed to plead novation in writing
and failed to present affidavits regarding the alleged novation at the hearing below. More
importantly, Conseco contends that, as a matter of law, Ard's claim of novation must itself
be resolved by arbitration. We agree with the latter point, and therefore need not address
whether novation was properly pleaded or proved. 

 The Texas Supreme Court has held that the issue of whether a contract containing
an arbitration clause has been revoked is itself an issue which should be arbitrated, since
it arises from or relates to the contract. See In re FirstMerit Bank, N.A., 52 S.W.3d 749,
758 (Tex. 2001). FirstMerit Bank also provides that "defenses must specifically relate to
the Arbitration Addendum itself, not the contract as a whole, if they are to defeat
arbitration." Id. at 756. Ard's contention -- that Conseco's acceptance of the insurance
check extinguished the original installment agreement -- relates to the "contract as a
whole," not specifically to the arbitration agreement, and cannot defeat arbitration. 

 FirstMerit Bank controls this case. The trial court's finding is an incorrect
application of the law to the facts and therefore not binding on this court. While we defer
to findings of fact by a trial court, a trial court has no discretion in determining what the
law is or in applying the law to the facts. See Walker v. Packer, 827 S.W.3d 833, 839-40
(Tex. 1992). 

The Remaining Issues Also


Arise From Or Relate To This Contract


 The threshold issue for the arbitrator to decide is the novation issue. If the
arbitrator rejects the novation argument, then the remaining issues arise from or relate to
this contract. The arbitration clause before us states that "[a]ll disputes, claims, or
controversies arising from or relating to this Contract or the parties thereto" are subject
to arbitration. Statutory causes of action, such as Ard's DTPA and Debt Collection Act
claims, have been held to fall within the scope of arbitration agreements. See Jack B.
Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 270-71 (Tex. 1992) (DTPA claim held subject
to arbitration, since Federal Arbitration Act preempts DTPA's non-waiver provisions); see
also In re Conseco Finance Servicing Corp., 19 S.W.3d 562, 570-71 (Tex. App.--Waco
2000, orig. proceeding) (Debt Collection Act and DTPA claims subject to arbitration, as
they are claims arising from or relating to the contract). Absent the original contract, there
would be no reason for Ard to charge Conseco with collection abuses, since the alleged
debt is one claimed by Conseco to be owed on the installment contract. Ard's statutory
claims arise from or relate to the installment contract, and therefore fall within the
arbitration clause. 

 Ard also sued Conseco for breach of contract; the petition alleged that Conseco
failed to perform a contractual obligation to "deliver Plaintiff's title after Plaintiff's
contractual obligations were fully performed" and to "deliver Plaintiff's title after the
occurrence of . . . conditions precedent[.]" These "contractual obligations" and
"conditions precedent" concern the payment of the debt created by the retail installment
contract, and fall within the scope of the arbitration agreement. How the claim is labeled
does not control; the focus must be on the factual allegations and whether they arise from
or relate to the retail installment contract. See Merrill Lynch, Pierce, Fenner & Smith,
Inc. v. Wilson, 805 S.W.2d 38, 39 (Tex. App.--El Paso 1991, no writ); see also Gerwell
v. Moran, 10 S.W.3d 28, 31 (Tex. App.--San Antonio 1999, no pet). Ard's claims
asserting conversion, fraud, invasion of privacy, defamation, and intentional infliction of
emotional distress are all interwoven with the debt collection efforts which arise from or
relate to the retail installment contract, and are subject to arbitration. Id.

 The trial court was required to compel arbitration and stay its own proceedings. See
In re Oakwood Mobile Homes, 987 S.W.2d at 573. We conditionally grant the writ of
mandamus. The trial court is directed to order all claims to arbitration. We are confident
the trial court will follow this decision; the writ will issue only if the trial court fails to do
so.

 WRIT CONDITIONALLY GRANTED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on February 6, 2002

Opinion Delivered March 14, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.