ACCEPTED
04-15-00268-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/28/2015 5:02:59 PM
KEITH HOTTLE
CLERK

# NO. 04-15-00268-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/28/2015 5:02:59 PM
KEITH E. HOTTLE
Clerk

## IN THE FOURTH COURT OF APPEALS
## SAN ANTONIO, TEXAS

---

### AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., PAUL CAMPBELL, ROD SEAFORD, AND CHARLES OLIVER,

*Appellants*

v.

### AUGUSTUS BRAY

*Appellee*

---

Original Proceeding from the 57th Judicial District Court
in Bexar County, Texas, The Honorable David A. Canales, Presiding

---

## APPELLANTS' BRIEF

---

DANNICK VILLASEÑOR-HERNANDEZ
Texas Bar No. 24072713
RUTH G. MALINAS
Texas Bar No. 08399350
Plunkett & Griesenbeck, Inc.
Catholic Life Building, Suite 900
1635 N.E. Loop 410
San Antonio, Texas 78209
(210) 734-7092 (telephone)
(210) 734-0379 (facsimile)
dhernandez@pg-law.com
rmalinas@pg-law.com
ATTORNEYS FOR APPELLANTS

### ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

| APPELLANTS | APPELLATE AND TRIAL COUNSEL FOR APPELLANTS |
|---|---|
| Amateur Athletic Union, Inc.<br>Paul Campbell<br>Rod Seaford<br>Charles Oliver | Dannick Villaseñor-Hernandez<br>(Lead Trial and Appellate Counsel)<br>Ruth G. Malinas (Appellate)<br>Lewin Plunkett (Trial)<br>**Plunkett & Griesenbeck, Inc.**<br>Catholic Life Building, Suite 900<br>1635 N.E. Loop 410<br>San Antonio, Texas 78209 |
| APPELLEE | APPELLATE AND TRIAL COUNSEL FOR APPELLEE |
| Augustus Bray | Jerry Galow<br>Justin Studdard<br>**Galow & Smith, P.C.**<br>1204 Nueces<br>Austin, Texas 78701 |

i

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ..................................................i

TABLE OF AUTHORITIES................................................................ iii

STATEMENT REGARDING ORAL ARGUMENT .................................vi

ISSUES PRESENTED .........................................................................i

STATEMENT OF FACTS .................................................................... 1

    I.      The Parties ................................................................... 1

    II.    The Arbitration Agreement ....................................... 1

    III.   Underlying Facts.......................................................... 2

    IV.   Procedural History ..................................................... 4

SUMMARY OF ARGUMENTS.............................................................. 4

    I.      Standard of Review ..................................................... 6

    II.    Bray's Claims Are Subject to a Valid Arbitration Agreement. ................................................................... 6

          A.    Rules Governing Arbitration Agreements Generally....6

          B.    The Arbitration Agreement Bray Signed is Valid.........7

          C.    Bray's Claims Fall Within The Scope of the Arbitration Agreement. ...............................................................10

    III.   Bray Presented No Evidence The Arbitration Agreement Was Unconscionable At the Time It Was Made. ...................12

          A.    Standards Governing Unconscionability......................12

          B.    Procedural Unconscionability .....................................13

          C.    Substantive Unconscionability ....................................15

CONCLUSION AND PRAYER.............................................................19

CERTIFICATE OF COMPLIANCE......................................................21

CERTIFICATE OF SERVICE..............................................................22

# TABLE OF AUTHORITIES

**Page**

CASES

*Aldridge v. Thrift Financial Marketing, LLC,*
376 S.W.3d 877 (Tex. App. – Fort Worth 2012, no pet.) ...................... 12

*Alexander v. Anthony Intern., L.P.,*
341 F.3d 256 (3d Cir.2003) ............................................................. 13

*Cleveland Construction, Inc. v. Levco Construction, Inc.,*
359 S.W.3d 843 (Tex. App. – Houston [1st Dist.] 2012, pet. dism'd) .... 6

*Dennis v. College Station Hosp., L.P.,*
169 S.W.3d 282 (Tex. App. – Waco 2005, pet. denied) ......................... 7

*Ellis v. Schlimmer,*
337 S.W.3d 860 (Tex. 2011) ............................................................. 12

*Glass, Ltd. v. Eye Ten Oaks Invs., Ltd.,*
147 S.W.3d 507 (Tex. App. – San Antonio 2004, no pet.) ...................... 6

*Green Tree Fin. Corp.-Ala. v. Randolph,*
531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) .......................... 16

*Harris v. Green Tree Fin. Corp.,*
183 F.3d 173 (3d Cir.1999) ............................................................. 13

*Henry v. Gonzalez,*
18 S.W.3d 684 (Tex. App. – San Antonio 2000, pet. dism'd) ................ 6

*In re AdvancePCS Health L.P.,*
172 S.W.3d 603 (Tex.2005) ......................................................... 7, 12

*In re D. Wilson Constr. Co.,*
196 S.W.3d 774 (Tex. 2006) ............................................................. 11

*In re FirstMerit Bank, N.A.,*
52 S.W.3d 749 (Tex. 2001)(orig. proceeding) ............................... 18, 19

*In re H.E. Butt Grocery Co.,*
17 S.W.3d 360 (Tex. App. – Houston [14th Dist.] 2000, orig.
proceeding) ................................................................................... 13

*In re Kaplan High Educ. Corp.,*
235 S.W.3d 206, 226 Ed. Law Rep. 343, 50 Tex. Sup. Ct. J. 1058 (Tex.
2007) .......................................................................................... 8, 9

*In re McKinney,*
167 S.W.3d 833 (Tex. 2005)(per curiam) ........................................... 14

*In re Odyssey Healthcare, Inc.,*
310 S.W.3d 419 (Tex. 2010) ............................................................... 7

*In re Olshan Foundation Repair Co., LLC,*
338 S.W.3d 883 (Tex. 2010) ........................................ 12, 13, 15, 16, 18

iii

*In re Palm Harbor Homes, Inc.*,
   195, S.W.3d 672, 49 Tex. Sup. Ct. J. 711 (Tex. 2006) ................... 12, 14
*In re Polyamerica*,
   296 S.W.3d 74 (Tex. 2009) ...............................................................13
*In re Rubiola*,
   334 S.W.3D 220 (Tex. 2011).............................................................10
*In re Santander Consumer USA, Inc.*,
   445 S.W.3d 216 (Tex. App. – Houston [1st Dist.] 2013) .......................4
*J.M. Davidson, Inc. v. Webster*,
   128 S.W.3d 223 (Tex. 2003) ...............................................................6
*Leander Cut Stone Co. v. Brazos Masonry, Inc.*,
   987 S.W.2d 638 (Tex. App. – Waco 1999, no pet.) ...............................6
*Meyer v. WMCO-GP, LLC*,
   211 S.W.3d 302 (Tex. 2006) .............................................................11
*Prudential Sees., Inc. v. Marshall*,
   909 S.W.2d 896 (Tex. 1995)(orig. proceeding)(per curiam)...................7

## RULES

Tex. Civ. Prac. & Rem. Code Ann. §51.016 (West) .................................4
Tex. R. App. P. 9.4(i)(1) ...................................................................21
Tex. R. App. P.9.4(i)(3) .....................................................................21

## OTHER AUTHORITIES

RESTATEMENT (SECOND) OF CONTRACTS §208 cmt. b (1981).....12

iv

## STATEMENT OF THE CASE

**Nature of the Case:** This interlocutory appeal arises from a defamation suit Plaintiff Augustus Bray ("Bray") filed against Amateur Athletic Union, Inc. ("AAU"), Paul Campbell ("Campbell"), Rod Seaford ("Seaford"), and Charles Oliver ("Oliver"). CR:1-9. Defendants AAU, Campbell, Seaford and Oliver filed a Motion to Compel Arbitration and Abate Proceedings Pending Arbitration. CR:32-86.

**Trial Court:** The 57th Judicial District Court, the Honorable David A. Canales, Presiding

**Trial Court Disposition:** The trial court denied Appellant's Motion to Compel Arbitration and Abate Proceedings Pending Arbitration. CR:227. This interlocutory appeal followed.

## STATEMENT REGARDING ORAL ARGUMENT

Appellants believe oral argument is necessary in this case, even though the interpretation of the arbitration provision in the agreement is a question of law. Oral argument would assist the Court in understanding the facts, analyzing the applicable legal issues in the context of those facts and ultimately deciding the case.

## ISSUES PRESENTED

Did the trial court err in denying Appellants' Motion to Compel Arbitration and Abate Proceedings Pending Arbitration where Appellants met their burden of establishing the existence of a valid agreement to arbitrate the claims made the basis of this lawsuit and Plaintiff presented no evidence of a defense to the enforcement of the agreement?

## I.   The Parties

The Amateur Athletic Union of the United States, Inc. ("AAU") is a non-profit volunteer sports organization. CR:3. Bray has been a thirty-year volunteer for the AAU (CR:3), including serving as the Governor of the South Texas District since being elected in 2005. CR:82. At the time of the alleged incident giving rise to this suit, Campbell was the Junior Olympic Event Director and Oliver was the Meet Director for the AAU. CR:3. Rod Seaford was the Chair of the AAU National Board of Review. CR:3.

## II.   The Arbitration Agreement

When applying for AAU membership (or submitting a yearly renewal application), the applicant/member agrees to be bound by the AAU Code, including its National Policies. CR:41. The AAU's National Policies include a binding arbitration provision, which states the applicant/member and the AAU agree to submit all civil disputes to binding arbitration in the county of the AAU National Office (Orange County, Florida) unless otherwise so set by the American Arbitration Association ("AAA"). CR:41. The arbitration provision is conspicuously located on the first page of the AAU's National Policies and is in bold

1

capital letters and underlined. CR: 41. The AAU's individual membership application includes the following language: "[t]he Applicant agrees to be bound by the AAU Code, including all AAU Policies, which are available for review on the AAU website at: aausports.org." CR:44.

## III. Underlying Facts

The underlying lawsuit arose out of an alleged incident that occurred at an AAU-sponsored track meet in Houston, Texas in August 2012. CR:2. Bray, Campbell and Oliver were in attendance in the course and scope of their respective AAU roles. CR:2. Bray had been assigned to the Jury of Appeals, which was tasked with making final decisions on any protests at the track meet. CR:3. While sitting in the press box, an unidentified woman allegedly bumped into Bray, and he made contact with the woman's body. CR:3. Bray claims Oliver told the woman to contact the police department and file a charge. CR:3. Bray was arrested and escorted by police officers from the track meet. CR:4. Bray also claims Campbell made a statement in front of approximately ten people that Bray was being charged with sexual assault and would no longer be affiliated with the AAU. CR:3-4. Bray alleges Campbell and

2

Oliver coerced Marv Allen, another member in the press box at the time of the incident, to make false statements against Bray, which Mr. Allen later recanted. CR:4. Bray was charged with the criminal offense of "assault by contact," but the charge was later dismissed. CR:4.

Bray submitted written complaints against Campbell and Oliver to the AAU National Board of Review ("Board") based on this incident. CR:4. Bray claims the Board, chaired by Seaford, failed to exercise its powers and investigate his claims and ultimately dismissed his complaint. The National Board of Review handles complaints alleging violations of the AAU Code or AAU sport operating rule. CR:64. The Board of Review may review any decision, action, or omission by a member or other entity (other than Congress) which is a part of the AAU or any of its activities. CR:69. It may exercise original jurisdiction in any matter including the actions or omissions of a District member. CR:69.

Bray appealed the Board's dismissal to the AAU National Board of Appeals. CR:4. On July 24, 2013, the Board of Appeals sustained the decision of the National Board of Review. CR:4.

## IV. Procedural History

On July 10, 2014, Bray filed the underlying lawsuit against the AAU, Campbell, Oliver, and Seaford. Bray sought damages under the following theories: negligence, intentional infliction of emotional distress, defamation, aiding and abetting, and conspiracy. CR:5-7.

Appellants filed a Motion to Compel Arbitration and Abate Proceedings Pending Arbitration, which the trial court denied. Appellants file this interlocutory appeal of the trial court's order denying their Motion to Compel Arbitration and Abate the Proceedings Pending Arbitration. The Civil Practices and Remedies Code authorizes an interlocutory appeal of a trial court's denial of a motion to compel arbitration under the FAA in suits filed after September 1, 2009. TEX. CIV. PRAC. & REM. CODE ANN. §51.016 (West); *In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 218 (Tex. App. – Houston [1st Dist.] 2013).

## SUMMARY OF ARGUMENTS

Appellants established that the arbitration agreement contained in the AAU's National Policies is a valid agreement. Given Bray's long-time involvement with the AAU, including the last ten (10) years as an officer, he cannot claim he was not aware of the arbitration agreement. The mutual promise to arbitrate between Bray and AAU was sufficient

4

consideration. Even though Campbell, Oliver and Seaford were nonsignatories to the arbitration agreement, Bray is still bound by the arbitration provision with all Appellants. The arbitration provision requires parties to submit all civil disputes to arbitration, and as such, Bray's claims fall within the scope of the arbitration agreement.

Once Appellants established Bray's claims fell within the scope of a valid arbitration agreement, the burden shifted to Bray to prove his unconscionability defense; however, he provided no evidence to support it. Bray failed to bring forth any evidence of his financial situation or a comparison of the total costs associated with arbitration and litigation to demonstrate the alleged excessive costs. Without such evidence, Bray's assertion of unconscionability fails.

## ARGUMENT AND AUTHORITIES

The trial court abused its discretion in denying Appellants' Motion to Compel Arbitration and Abate Proceedings Pending Arbitration, because pursuant to Texas law, Appellants established the existence of a valid arbitration agreement encompassing all claims alleged in this lawsuit, and Appellee did not present any evidence on his unconscionability defense to such agreement.

5

## I.  Standard of Review

Texas appellate courts review interlocutory orders denying a motion to compel arbitration for abuse of discretion. *Cleveland Construction, Inc. v. Levco Construction, Inc.*, 359 S.W.3d 843, 851 (Tex. App. – Houston [1st Dist.] 2012, pet. dism'd). Under the abuse-of-discretion standard, this Court gives deference to the trial court's factual determinations but reviews its legal conclusions *de novo. Id.* Whether a valid arbitration agreement exists is a question of law that is reviewed *de novo. J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227-228 (Tex. 2003). Whether the agreement encompasses the claims raised in a given lawsuit is also a question of law and is reviewed *de novo. Henry v. Gonzalez*, 18 S.W.3d 684, 691 (Tex. App. – San Antonio 2000, pet. dism'd); s*ee also Leander Cut Stone Co. v. Brazos Masonry, Inc.*, 987 S.W.2d 638, 640 (Tex. App. – Waco 1999, no pet.).

## II.  Bray's Claims Are Subject to a Valid Arbitration Agreement.

### A.  Rules Governing Arbitration Agreements Generally

Texas and federal law favors arbitration agreements. *Glass, Ltd. v. Eye Ten Oaks Invs., Ltd.*, 147 S.W.3d 507, 512 (Tex. App. – San Antonio 2004, no pet.). Thus, courts must resolve any doubts about the scope of an arbitration agreement in favor of arbitration. *Dennis v.*

6

*College Station Hosp., L.P.*, 169 S.W.3d 282, 284 (Tex. App. – Waco 2005, pet. denied); *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007). The policy favoring arbitration is so compelling that a court should enforce an arbitration clause unless it can be said with positive assurance that the clause is not susceptible to an interpretation covering the dispute at issue. *Prudential Sees., Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995)(orig. proceeding)(per curiam).

B.    The Arbitration Agreement Bray Signed is Valid.

Appellants must show Bray's claim were subject to a valid arbitration agreement. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010). When determining whether an arbitration agreement subject to the FAA is valid, courts apply state contract law. *In re Palm Harbor Homes, Inc.*, 195, S.W.3d 672, 678, 49 Tex. Sup. Ct. J. 711 (Tex. 2006). There must be consideration to support the arbitration agreement. *Id.* The consideration can be the bilateral promise to arbitrate or the remainder of the contract. *Id.* (citing *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005)).

The arbitration agreement contained in the AAU National Policies binds both the member/applicant and AAU to submit all civil disputes

7

to arbitration. CR:41. In addition, the arbitration agreement is only one section of the AAU Codebook, which every member agreed to be bound by when applying for membership. CR:41.

Bray argues that there was no binding arbitration agreement between Bray and the individual defendants because they (Campbell, Oliver and Seaford) did not sign the arbitration agreement. CR:89. Bray's petition, however, alleges Campbell and Oliver were acting in the course and scope of employment by AAU and in furtherance of AAU's business. Bray seeks to hold AAU liable under the theory of respondeat superior. CR:5.

In *Kaplan*, a DTPA and negligence suit, students sued a college, its corporate parent, the college president, and the college admissions director. *In re Kaplan High Educ. Corp.*, 235 S.W.3d 206, 208 (Tex. 2007). The students had signed an enrollment agreement including an arbitration provision to which the college and the college president were signatories. *See id.* When the defendants sought to compel arbitration, the students dropped their claims against the non-signatory admissions director and corporate parent in an attempt to avoid arbitration. The trial court denied the motion to compel arbitration.

8

The Texas Supreme Court granted the non-signatory defendants' petition for writ of mandamus. *See id.* at 210. The Court held that the non-signatory defendants could invoke the arbitration clause because they were acting as agents of the college with respect to the conduct at issue in the lawsuit. Moreover, the college would be responsible for the alleged misconduct of the non-signatory defendants. *See id.* at 209-210; *see also In re Vesta Ins. Group, Inc.,* 192 S.W.3d 759, 763 (Tex. 2006) (holding that non-signatory officers, agents, and affiliates of corporation with whom plaintiff agreed to arbitrate can invoke arbitration agreement).

The above rule is sound and applies in this case. The Appellants' alleged actions occurred during an AAU-sponsored event. Bray alleges that Appellants were acting in the "scope of their employment and in furtherance of AAU's business" with respect to the acts of which Bray complains. And, Bray seeks to hold AAU vicariously liable for the individual defendants' conduct. Under the circumstances the individual defendants are entitled to seek arbitration.

C. Bray's Claims Fall Within The Scope of the Arbitration Agreement.

To determine whether the claim falls within the scope of the arbitration agreement, this Court must examine the terms of the agreement and the factual allegations of the plaintiff's claim. *See In re Rubiola*, 334 S.W.3D 220, 224 (Tex. 2011). The arbitration agreement located on the first page of the AAU National Policies states:

> BY APPLYING FOR AAU MEMBERSHIP (OR HAVING A THIRD PARTY SUBMIT AN APPLICATION FOR MEMBERSHIP IN THE AAU ON BEHALF OF THE APPLICANT), OR UPON ENTERING ANY AAU EVENT, THE APPLICANT/MEMBER/ENTRANT AND THE AAU AGREE TO SUBMIT ALL CIVIL DISPUTES TO BINDING ARBITRATION. THE ARBITRATION HEARING SHALL BE HELD IN THE COUNTY OF THE LOCALE OF THE AAU NATIONAL OFFICE UNLESS OTHERWISE SO SET BY THE AMERICAN ARBITRATION ASSOCIATION ("AAA"). THE PARTIES FURTHER AGREE TO SUBMIT THE MATTER TO ONE (1) ARBITRATOR PURSUANT TO THE RULES SET OUT BY THE AAA, INCLUDING THE FEDERAL ARBITRATION ACT AND TO THE ARBITRATION CODE OF THE NATIONAL OFFICE'S RESIDENT STATE, WHICH IS CURRENTLY FLORIDA. [...]

CR:41 (emphasis in original).

Based on the terms of the arbitration provision, its applicability to Bray's claims is clear. Bray's Original Petition relies on the AAU Code and National Policies in establishing his complaints. CR:4-5. In

10

addition, Bray alleges Oliver has allowed members to circumvent the intent and historical application of the AAU Athletics Handbook as well as the AAU Code. CR: 4. By seeking to invoke the AAU Codebook, which contains the arbitration agreement, when bringing his claims against Appellants, Bray is equitably estopped from refusing arbitration. *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 305 (Tex. 2006).

Further, under a broad arbitration clause, arbitration can be compelled even though the particular dispute is not specifically covered. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006). The arbitration provision at issue in this case clearly encompasses Bray's claims, which relate to the alleged actions and/or omissions under the AAU Code and National Policies, which applies to all members of the AAU. CR:41. Seaford's only involvement in this case was his position as the Chair of the AAU National Board of Review who reviewed Bray's complaint and issued an opinion in accordance with the AAU Codebook and National Policies. CR:4.

11

III. **Bray Presented No Evidence The Arbitration Agreement Was Unconscionable At the Time It Was Made.**

A. Standards Governing Unconscionability

There is nothing inherently unconscionable about arbitration agreements. *In re Palm Harbor Homes, Inc.*, 195, S.W.3d 672, 678, 49 Tex. Sup. Ct. J. 711 (Tex. 2006)(quoting *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex.2005)). This Court must be "wary of setting the bar for holding arbitration clauses unconscionable too low." *In re Olshan Foundation Repair Co., LLC*, 338 S.W.3d 883, 893 (Tex. 2010). The theory is that "courts should not enforce a transaction so one-sided, with so gross a disparity in the values exchanged, that no rational contracting party would have entered the contract. *Id.* (citing RESTATEMENT (SECOND) OF CONTRACTS §208 cmt. b (1981)). Once the party seeking arbitration has established the existence of a valid arbitration agreement, the party opposing arbitration has the burden to bring forward legally sufficient evidence of a defense. *Ellis v. Schlimmer*, 337 S.W.3d 860, 861-862 (Tex. 2011); *Aldridge v. Thrift Financial Marketing, LLC*, 376 S.W.3d 877, 882 (Tex. App. – Fort Worth 2012, no pet.). The party opposing arbitration has the burden to show the costs of arbitration render it unconscionable. *In re Olshan*

12

*Foundation Repair Co., LLC*, 338 S.W.3d 883, 893 (Tex. 2010). If the opposing party does not provide evidence, the trial court must compel arbitration and stay its own proceedings. *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 367 (Tex. App. – Houston [14th Dist.] 2000, orig. proceeding).

B.    Procedural Unconscionability

Procedural unconscionability "pertains to the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language." *Alexander v. Anthony Intern., L.P.*, 341 F.3d 256, 265 (3d Cir.2003)(quoting *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir.1999)). In his response to the Motion to Compel Arbitration, Bray argued the arbitration agreement was procedurally unconscionable because he had not signed and agreed to the arbitration agreement. CR:91. However, the FAA does not require that an agreement to arbitrate be signed by the parties. *In re Polyamerica*, 296 S.W.3d 74, 76 (Tex. 2009). Since Plaintiff did not allege fraud, misrepresentation or deceit at the time the agreement was entered into, he is bound by the agreement

13

regardless of whether he read it. *See In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005)(per curiam).

During his thirty years of dedicated and decorated service to the AAU (CR:5), including serving Governor of the South Texas District, Bray was aware of the AAU Code and National Policies, including the arbitration provision. CR:3. Even though he did not sign the arbitration provision, he repeatedly signed documents in his official capacity as Governor of the South Texas District containing a stipulation that he would "abide by and be bound by the AAU Codebook," which contained the binding arbitration provision. CR:81-86.

Nor can there be any complaint in this case about the conspicuousness of the arbitration provision. The arbitration agreement is on the first page of the AAU's National Policies in capital letters, bold and underlined font. CR:41. Its conspicuousness and his acknowledgement via signature on numerous occasions negates Bray's procedural unconscionability argument. *See In re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 679 (Tex. 2006).

C.    Substantive Unconscionability

Substantive unconscionability refers to the "fairness of the arbitration provision itself." *In re Olshan Foundation* at 894.   Bray complains the arbitration provision is substantively unconscionable because the excessive arbitration costs prevent him from asserting his rights in an arbitration. CR:91.   Bray's counsel attached a travel price quote for airfare, hotel, and rental car expenses to Florida.   CR:165-168. Bray's affidavit included a conclusory statement that traveling to Florida to arbitrate his claims would be an additional financial burden. No evidence supporting that contention, however, was provided. CR:111.   Even when combined, the travel price quote and Bray's affidavit are not sufficient evidence for the Court to determine that the costs to arbitrate make the arbitration provision unconscionable.

At the hearing on February 5, 2015, Bray's counsel argued that the cost of going to arbitration would exceed his likely recovery. RR:12. Bray's response claimed he was unable to pay for the arbitration fees and costs; the actual amount of the fees compared to the amount of the underlying claim was excessive; and that the expected cost differential between arbitration and litigation is so substantial that Plaintiff is

deterred from asserting his rights in the arbitration proceeding. CR:91. It was Bray's burden to present evidence of the excessive costs he would incur if required to arbitrate his claims. *See In re Olshan Foundation Repair* at 893. Evidence of a "risk" of possible costs of arbitration is not evidence that the cost of the arbitration forum is prohibitive or excessive. *Id.* at 895 (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)). To meet his burden of proof, Bray had to show he would likely be charged excessive arbitration fees. *Id.* Bray's response, filed the evening before the hearing held on February 5, 2015 included no evidence to support the unconscionability defense. CR:88-102.

At the hearing, Judge Canales expressed concern that the arbitration agreement was silent as to who would bear the costs of arbitration and requested additional briefing by both parties on that issue. RR:16-17. However, an arbitration agreement's mere silence with respect to costs and fees by itself, is a "plainly insufficient" basis for invalidating the agreement. *Green Tree Fin. Corp. – Ala. v. Randolph*, 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

Plaintiff's Brief in Support of Plaintiff's Response to Defendants' Motion to Compel Arbitration, submitted after the hearing, included Bray's affidavit in which he claimed it would be a financial burden to pay the arbitration fees and travel to Florida to arbitrate his claims. CR:111. Bray also stated he has a contingency fee agreement with Galow & Smith, which means he is not obligated to pay for litigation expenses unless a recovery is made on his behalf. CR:111. Bray's affidavit, however, contained no specific facts about his financial situation, which the trial court needed to determine if the arbitration costs were unconscionable. A mere claim that it would be a "serious financial burden" is *wholly insufficient.* Bray's counsel also provided an e-mail from AAA Customer Service which references the fee schedule contained in the AAA Commercial Rules and a general statement that arbitrators charge between $200.00 and $500.00 per hour. CR:163. The e-mail did not address the amount of time an arbitrator would likely spend on this case either. Bray's counsel included an estimate of forty (40) service hours; however, no evidence or expert testimony was attached to support that claim. Even if the Court considered this e-mail as evidence of the likely arbitration charges Bray will incur, he provided

17

no comparison of these charges to the expected cost of litigation, the amount of his claim, or his ability to pay these costs. *In re Olshan* at 897. A party's unsupported statement that paying arbitration fees would be a serious financial burden is not evidence that the arbitration agreement is unconscionable.

In *In re FirstMerit Bank*, the affidavits included a statement that the AAA charged a minimum $2,000 filing fee and a $250/day/party hearing fee, along with several other unspecified fees. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756-757 (Tex. 2001)(orig. proceeding). There was no evidence, however, that the AAA would actually conduct the arbitration or charge the specified fees. *Id.* at 757. Further, as the Court noted, the AAA commercial arbitration rules provide that "the AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees." *Id.*; CR:139. Thus, there was no basis upon which to determine whether the cost of arbitration was excessive.

A comparison of the total costs of the two forums is the most important factor in determining whether the arbitral forum is an adequate and accessible substitute for litigation. *Id.* at 894-895. If the total cost of arbitration is comparable to the total cost of litigation, the

arbitral forum is equally accessible. *Id.* at 894. "Total cost" refers to the total cost of pursuing a claim in either forum, notwithstanding who will be financing the claim. *Id.* (footnote 5). There is no reason why Bray's attorneys could not treat the arbitration costs like any other litigation expenses under the contingency fee agreement.

Bray's lack of evidence to support his unconscionability defense precluded the trial court from finding the arbitration agreement unconscionable. Bray's affidavit and evidence attached to his trial brief (filed after the hearing) was conclusory and wholly insufficient to support a finding of excessive arbitration costs. As a result, the trial court erred in denying Defendants' Motion to Compel Arbitration and Abate Proceedings Pending Arbitration.

<u>CONCLUSION AND PRAYER</u>

For the foregoing reasons, Appellants respectfully request that this Court reverse or vacate the trial court's April 14, 2015 *Order Denying Defendants' Motion to Compel Arbitration and Abate Proceedings Pending Arbitration* and order the trial Court to abate the proceedings so that the Parties may proceed with arbitration in Orange

County, Florida. Appellants pray for such other and further relief as they may be entitled.

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies this Appellants' Brief complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(B). The undersigned prepared the Appellants' Brief using Microsoft Word 2013 and is relying on that software's word-count function.

Exclusive of the exempted portions listed in Texas Rule of Appellate Procedure 9.4(i)(2)(B), the brief contains 3,609 words.

/s/ Dannick Villaseñor-Hernandez
DANNICK VILLASEÑOR-HERNANDEZ

Respectfully submitted,

LEWIN PLUNKETT
Texas Bar No. 16079000
DANNICK VILLASEÑOR-HERNANDEZ
Texas Bar No. 24072713
Plunkett & Griesenbeck, Inc.
Catholic Life Building, Suite 900
1635 N.E. Loop 410
San Antonio, Texas 78209
(210) 734-7092 (telephone)
(210) 734-0379 (facsimile)
lplunkett@pg-law.com
dhernandez@pg-law.com

/s/ Dannick Villaseñor-Hernandez
DANNICK VILLASEÑOR-HERNANDEZ

COUNSEL FOR APPELLANTS

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing Appellants' Brief has been forwarded this 28th day of May, 2015, to the following attorneys of record via the method stated:

Jerry Galow                                         *Via E-Mail*
Justin Studdard                                   *Via E-Mail*
Galow & Smith, P.C.
1204 Nueces
Austin, Texas 78701

/s/ Dannick Villaseñor-Hernandez
DANNICK VILLASEÑOR-HERNANDEZ

# APPENDIX



2014CI10872 -D057

CAUSE NO. 2014-CI-10872

| | | |
|---|---|---|
| AUGUSTUS BRAY | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | OF BEXAR COUNTY, TEXAS |
| AMATEUR ATHLETIC UNION OF THE | § | |
| UNITED STATES, INC.; PAUL CAMPBELL; | § | |
| ROD SEAFORD; and CHARLES OLIVER | § | |
| *Defendants.* | § | 57TH JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND ABATE PROCEEDINGS PENDING ARBITRATION

On the 5th day of February, 2015, came to be heard Defendants' *Motion to Compel Arbitration and Abate Proceedings Pending Arbitration.* The Court, after reviewing the pleadings, Motion, Plaintiff's response, the parties' briefs, and after hearing arguments on the same, is of the opinion that the Motion should be DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' *Motion to Compel Arbitration and Abate Proceedings Pending Arbitration* is in all things DENIED.

APR 1 4 2015

Signed this _____ day of April, 2015.

_____
HONORABLE JUDGE DAVID A. CANALES

227

APPROVED AS TO FORM ONLY:

**PLUNKETT & GRIESENBECK, INC.**
1635 N.E. Loop 410, Ste. 900
San Antonio, Texas 78209
(210) 734-7092 – Phone
(210) 734-0879 – Fax

_____

Lewin Plunkett
State Bar No. 16079000
Dannick Villaseñor-Hernandez
State Bar No. 24072713

**GALOW & SMITH, P.C.**
1204 Nueces
Austin, Texas 78701
(512) 481-0200
(512) 481-0250

_____

Jerry Galow
State Bar No. 07594400
Justin Studdard
State Bar No. 24077158

# AAU NATIONAL POLICIES

**IF ANY PORTION OF ANY POLICY IS HELD TO BE INVALID, THE BALANCE NOTWITHSTANDING, SHALL CONTINUE IN FULL FORCE AND EFFECT.**

I.  **MEMBERSHIP POLICIES.** By submitting or authorizing an application for membership in the AAU, the applicant agrees and stipulates to the following terms and conditions:

    **A.** The applicant agrees and consents to receive and accept all written or oral communications, including but not limited to e-mails, facsimiles, mail-outs, advertisements, and telephone calls from the AAU, its employees, Officers, agents, attorneys, volunteers, members, affiliates, subordinates, host organizations and clubs.

    **B. BINDING ARBITRATION.**

        1. BY APPLYING FOR AAU MEMBERSHIP (OR HAVING A THIRD PARTY SUBMIT AN APPLICATION FOR MEMBERSHIP IN THE AAU ON BEHALF OF THE APPLICANT), OR UPON ENTERING ANY AAU EVENT, THE APPLICANT/MEMBER/ENTRANT AND THE AAU AGREE TO SUBMIT ALL CIVIL DISPUTE(S) TO BINDING ARBITRATION. THE ARBITRATION HEARING SHALL BE HELD IN THE COUNTY OF THE LOCALE OF THE AAU NATIONAL OFFICE UNLESS OTHERWISE SO SET BY THE AMERICAN ARBITRATION ASSOCIATION ("AAA"). THE PARTIES FURTHER AGREE TO SUBMIT THE MATTER TO ONE (1) ARBITRATOR PURSUANT TO THE RULES SET OUT BY THE AAA, INCLUDING THE FEDERAL ARBITRATION ACT AND TO THE ARBITRATION CODE OF THE NATIONAL OFFICE'S RESIDENT STATE, WHICH IS CURRENTLY FLORIDA. DUE TO THE EXPEDITED NATURE OF ARBITRATION DEPOSITION(S), REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS ARE STRICTLY DISCOURAGED AND WILL NOT BE ALLOWED WITHOUT AN ORDER FROM AAA; AND, TO AID IN EXPEDITING ANY SUCH ARBITRATION, IN ORDER TO BE CONSIDERED, A REQUEST FOR ANY SUCH ORDER, IF ANY, SHALL ACCOMPANY THE FILING OF THE APPLICABLE PARTY'S FIRST SUBMISSION TO AAA OR SUCH REQUEST SHALL BE WAIVED AND/OR DENIED. A LIST OF WITNESSES AND ALL EXHIBITS TO BE INTRODUCED AT THE HEARING WILL BE EXCHANGED AT LEAST TWENTY (20) DAYS PRIOR TO THE HEARING. THE PARTIES AGREE THAT THE BINDING ARBITRATION SHALL BE IN LIEU OF ANY LITIGATION BY AND BETWEEN ALL OF THE PARTIES RELATED TO THE DISPUTE. IF ANY PORTION OF THE ARBITRATION AGREEMENT SHALL BE DECLARED INVALID OR UNENFORCEABLE, THE REST OF THE AGREEMENT (TO SO ARBITRATE) SHALL REMAIN IN FULL FORCE AND EFFECT. [REV. 10/06, 3/09]

        2. THE PARTIES DECLARE THAT IT IS THEIR CLEAR AND UNMISTAKE INTENT FOR THE ARBITRATOR TO DETERMINE ANY AND ALL QUESTIONS OF ARBITRABILITY, IF ANY. ANY OBJECTION TO THE ARBITRATOR'S JURISDICTION, INCLUDING ANY OBJECTIONS WITH

RESPECT TO THE EXISTENCE, SCOPE OR VALIDITY OF THE ARBITRATION AGREEMENT SHALL BE DECIDED BY THE ARBITRATOR. IF, HOWEVER, FOR ANY REASON, (SUCH) ARBITRATION IS DECLARED INVALID BY ANY COURT, IN THE ALTERNATIVE TO ARBITRATION, THE PARTIES AGREE TO WAIVE A JURY AND AGREE THAT ANY LEGAL ACTION BETWEEN THE PARTIES SHALL BE COMMENCED EXCLUSIVELY IN THE CIRCUIT COURT OF THE NINTH JUDICIAL DISTRICT FOR ORANGE COUNTY, FLORIDA, OR TO ANY OTHER COURT SITTING IN THAT COUNTY HAVING SUBJECT MATTER JURISDICTION, PURSUANT TO THIS FORUM SELECTION CLAUSE, WHICH IS AGREED TO BY THE PARTIES.** [Rev. 3/09]

3. **THE TIME LIMIT (STATUTE OF LIMITATIONS) FOR BRINGING ANY ACTION SHALL BE ONE (1) YEAR.**

4. **DAMAGES. THE SUCCESSFUL PARTY IN ANY SUCH ARBITRATION AND/OR LITIGATION SHALL BE ENTITLED TO BE REIMBURSED FOR ITS ACTUAL AND CONSEQUENTIAL DAMAGES (BUT NOT PUNITIVE OR EXEMPLARY DAMAGES, IT BEING THE INTENT OF THE PARTIES TO HEREBY WAIVE ANY RIGHT TO SEEK AND THE PARTIES HEREBY COVENANT NOT TO SEEK, ANY PUNITIVE OR EXEMPLARY DAMAGES AND FURTHER AGREE THAT NO CLASS ACTION MATTERS SHALL BE BROUGHT).** [Rev. 10/06, 3/09]

## C. Indemnification/Assumption of Risk.

1. The member, applicant and/or participant releases and forever discharges, and covenants not to sue the Amateur Athletic Union of the U.S., Inc ("AAU"), AAU's Districts (formerly known as Associations), the Host (of the Event), Local Organizing Entity, and if applicable owners and lessors of premises upon which the activity takes place, (the foregoing collectively, including without limitation, the AAU, hereinafter for convenience referred to as the « Releasees »), together with the respective administrators, members (including all categories), volunteers, participants, sponsors and advertisers, together with the insureds, and the parent related, affiliated, subsidiary companies, and affiliated committees, as well as the officers, directors, agents, attorneys, employees, representatives, successors and assigns of each of the Releasees entities, and any other party indemnified and held harmless by the AAU (each considered one of the Releasees herein) from all liability, claims, demands, losses, or damages of the Member, Applicant, and/or Participant, caused or alleged to be caused in whole or in part by the action, inaction or negligence of the Releasees or otherwise, including but not limited to negligent rescue operations, negligent security, travel and recreation operations and activities; and further agree that if despite this release and waiver of liability, assumption of risk, and indemnity policy, the Member, Applicant and/or Participant or anyone on behalf of the Member, Applicant and/or Participant, makes a claim against any of the Releasees, the Member, Applicant and/or Participant and/or his/her parent or guardian will indemnify, save and hold harmless each of the Releasees from any litigation expenses, attorney's fees, loss, liability, damage, or cost which may be incurred as the result of such a claim. [Rev. 10/06]

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle D. Appeals
        Chapter 51. Appeals
          Subchapter B. Appeals from County or District Court (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 51.016

§ 51.016. Appeal Arising Under Federal Arbitration Act

Effective: September 1, 2009
Currentness

In a matter subject to the Federal Arbitration Act (9 U.S.C. Section 1 et seq.), a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16.

**Credits**
Added by Acts 2009, 81st Leg., ch. 820, § 1, eff. Sept. 1, 2009.

Notes of Decisions (28)

V. T. C. A., Civil Practice & Remedies Code § 51.016, TX CIV PRAC & REM § 51.016
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**                                      © 2015 Thomson Reuters. No claim to original U.S. Government Works.